UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Criminal Action No. 08-02-GMS |
| Plaintiff, | : |
| v. | : |
| | : |
| GARY A. JOHNSON, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M. Beausang, Assistant United States Attorney for the District of Delaware, and the defendant, Gary A. Johnson, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Gary A. Johnson, agrees to plead guilty to Count One of the Indictment, which charges that on or about November 7, 2007, in the State and District of Delaware, the defendant did forcibly assault a person with the initials J.M.D., who at the time was an employee of the United States engaged in the performance of his official duties, and inflicted a bodily injury, all in violation of 18 U.S.C. § 111(a)(1) & (b), an offense which carries a maximum penalty of imprisonment of not more than 20 years, a $250,000 fine, or both, 3 years of supervised release, and a $100 special assessment.

2. The defendant understands that the elements of the offense charged in Count One to which he is pleading guilty are that on or about November 7, 2007, in the State and District of Delaware: (1) the defendant forciby assaulted, (2) a person who at the time was a person

designated in 18 U.S.C. § 1114, (3) while that person was in the performance of their official duties, and (4) inflicted a bodily injury.

    3.    The defendant also agrees to plead guilty to Count Two of the Indictment, which charges that on or about November 7, 2007, in the State and District of Delaware, the defendant did forcibly assault a person with the initials M.A.C., who at the time was an employee of the United States engaged in the performance of his official duties, all in violation of 18 U.S.C. § 111(a)(1).

    4.    The defendant understands that the elements of the offense to which he is pleading guilty are that on or about November 7, 2007, in the State and District of Delaware: (1) the defendant forciby assaulted, (2) a person who at the time was a person designated in 18 U.S.C. § 1114, and (3) while that person was in the performance of their official duties.

    5.    The defendant agrees to pay the $200 special assessment at the time of sentencing.

    6.    Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under U.S.S.G. § 3E1.1(a) based on the defendant's conduct to date.

    7.    Subject to the provisions in Paragraph 8 of this Memorandum of Plea Agreement, the United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

    8.    The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an

appropriate sentence. At this stage, the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The Government and the defendant stipulate that United States Sentencing Guideline § 2A2.3 (Minor Assualt) should apply to the defendant's conviction under Count I of the Indictment, see United States v. Shumpert Hood, 210 F.3d 660, 663-64 (6th Cir. 2000) (holding that USSG § 2A2.3 applied to a defendant's conviction under 18 U.S.C. §§ 111(a)(1) & (b) even though USSG § 2A2.3 and 18 U.S.C. § 111 were not cross-referenced in the Statutory Index), and that the defendant's Offense Level for Count I, after a two-level reduction for acceptance of responsibility, should be nine (9). The defendant understands, however, that the ultimate determination of the appropriate sentencing guideline provision, and the appropriate sentence, will be up to the sentencing judge, and that the Court is not bound by the stipulation contained in this paragraph. The Court may impose a sentence which is within, or which exceeds or falls below the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea.

  9.  It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and

statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____    BY: _____
Gary A. Johnson,                         Seth M. Beausang
Defendant                                Assistant United States Attorney

Dated:                                   Dated:
_____
Edson A. Bostic, Esquire
Attorney for Defendant

Dated: April 15, 2008

AND NOW, this 15th day of April, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
The Honorable Gregory M. Sleet, Chief Judge
United States District Court for the District of Delaware

FILED
APR 1 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE